In re Petition for DISCIPLINARY ACTION AGAINST William F. POST, Jr., a Minnesota Attorney, Registration No. 15443X.

No. A04–1295.

Supreme Court of Minnesota.

Sept. 16, 2004.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent William F. Post, Jr., has committed professional misconduct warranting public discipline, namely, respondent was convicted of felony driving while intoxicated (DWI) in violation of Rule 8.4(b), Minn. R. Prof. Conduct.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered in to a stipulation with the Director in which they jointly recommend that the appropriate discipline is a six-month stayed suspension and unsupervised probation for a period of five years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall comply with the terms of his criminal probation, which include the following:

i. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

ii. Respondent shall complete treatment for chemical dependency and any aftercare that may be recommended or prescribed by the treating facility.

iii. Respondent shall attend bi-weekly meetings of Alcoholics Anonymous or any other out-patient alcohol treatment program required by respondent's criminal probation.

iv. Respondent shall wear an alcohol monitoring device while serving the electronic home monitoring portion of his sentence.

v. Respondent shall complete a 30–day period of wearing a SCRAM bracelet each year, as required by his criminal probation.

vi. Respondent shall submit to random drug screening.

d. Upon completion of respondent's 30–day period of incarceration and/or work release, if eligible, respondent shall wear a SCRAM bracelet for a one-year period. Respondent shall not be required to wear the SCRAM bracelet any time during this one-year period if he is subject to the electronic home monitoring and alcohol sensor requirements of his criminal probation. Respondent agrees to pay the costs associated with the use of the SCRAM device and home monitoring. Respondent shall provide the Director with authorizations to monitor and receive reports regarding his compliance with the SCRAM device and home monitoring. Any positive read for ingested alcohol will be grounds for revoking the stay of execution of respondent's six-month stayed suspension.

e. Upon completion of wearing a SCRAM bracelet for a one-year period, upon the request of the Director, respondent shall, at his own expense, no more than six times per month, submit to random urinalysis for drug screening at a facility approved by the Director. These drug screenings shall be in addition to any required through respondent's criminal probation. Respondent shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six

months, all such tests have been negative, then the frequency of the random tests may be reduced or terminated at the Director's discretion. Respondent shall cooperate with the phone-in program established by the Director for the random tests. Any failure to phone in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test will be grounds for revoking the stay of execution of respondent's six-month stayed suspension.

f. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification for Alcoholics Anonymous, or any other treatment program required under the terms of his criminal probation, on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying the attendance.

g. Should respondent be discharged from his criminal probation earlier than the five-year period imposed in the district court's June 16, 2004, sentencing order, the Director may, in his discretion reduce the duration of respondent's disciplinary probation in accordance with respondent's discharge by community corrections.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent William F. Post, Jr., is suspended for a period of six months, stayed upon the condition that he comply with the above-mentioned conditions of his probation for a period of five years. Respon-

dent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT
/s/Paul H. Anderson
Associate Justice